## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT HUNTINGTON

MICHAEL A. YORK, Administrator of
the Estate of ELIZABETH ROSE YORK,
deceased,

        Plaintiff,

v.                                  CIVIL ACTION NO. 3:18-cv-01026

101 13TH STREET OPERATIONS LLC
D/B/A HERITAGE CENTER and JOHN DOES
"1" through "5",

        Defendants.

## COMPLAINT

Comes now the Plaintiff, Michael A. York, Administrator of the Estate of Elizabeth Rose York, and for her claim against Defendants, 101 13th Street Operations LLC doing business as Heritage Center and John Does "1" through "5", shows the Court as follows:

### PARTIES, JURISDICTION AND VENUE

1. Jurisdiction is founded on diversity of citizenship and amount:

    (a) Plaintiff, Michael A. York, Administrator of the Estate of Elizabeth Rose York, at all times relevant to the Complaint is a resident of Wayne County, West Virginia and the son of Elizabeth Rose York.

    (b) Elizabeth Rose York, a resident of Wayne County, West Virginia, passed away on November 17, 2017. Plaintiff, Michael A. York, was appointed Administrator of the Estate of Elizabeth Rose York by the Wayne County Commission on January 22, 2018.

1

(c) Defendant, 101 13th Street Operations LLC doing business as Heritage Center (hereinafter called "Heritage Center") is a corporation licensed to do business and doing business in Cabell County, West Virginia with its principal place of business located at 101 East State Street, Kennett Square, Pennsylvania 19348. Heritage Center is a health care provider, health care facility and/or related entity that provides health care or health care services including, but not limited to skilled nursing. All acts and omissions of Heritage Center as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employment and/or ownership. Upon information and belief, Heritage Center is subsidiary of Genesis Healthcare, Inc.

(d) Plaintiff is ignorant of the true names and capacities of Defendants sued herein as John Does "1" through "5", inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and based thereon allege that each of the fictitiously named Defendant(s) is/are responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were legally caused by said negligence and/or negligent medical care. Plaintiff is informed and believes and thereupon alleges that at all material times, John Does and each of them, were acting in their own capacities or were the agents actual or ostensible of Heritage Center

or John Does Defendants, employees and/or joint venturers of one or more Defendants, and were acting within the course and scope of such agency, employment and/or joint venture. Defendant(s) John Doe(s), name(s) and address(es) unknown, were physician(s) nurse(s), medical provider(s), technician(s), business(es), corporation(s) or other entity(ies) that provided negligent medical care, individually or by and through their employees and/or agents, actual or ostensible. Plaintiff has been unable to identify the name(s) of Defendant(s) John Doe(s) through exercise of due diligence. Based upon information and belief, John Does "1" through "5" are residents of West Virginia.

2. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

3. The matters in controversy arose out of acts or omissions that occurred in Cabell County, West Virginia.

4. Jurisdiction and venue are proper in the United States District Court for the Southern District of West Virginia.

## FACTUAL BACKGROUND

5. Elizabeth Rose York arrived at Heritage Center on August 9, 2017 from St. Mary's Medical Center (hereinafter called "St. Mary's") for rehabilitation. At that time, it was noted her only skin issue was an incision from neck surgery performed at St. Mary's 10 days prior. The physician's history and physical notes at the time of admission to Heritage Center make no mention of any pressure ulcers.

6. On August 15, 2017, a Heritage Center nursing note indicates Mrs. York's mobility was very limited, she was unable to make significant changes in position daily and extensive assistance was needed. Those conditions were inconsistent with Mrs. York's conditions reported by St. Mary's upon her discharge to Heritage Center six days earlier. The nursing notes also indicate Mrs. York's Braden scale was 15, putting her at "mild risk" for pressure ulcer development.

7. On August 16, 2017, Heritage Center's nursing notes indicate Mrs. York's Braden scale dropped to 10, putting her into the "high risk" category. Two ulcers were also noted for the first time in the nurse's skin report, both in the sacral region.

8. Despite the Heritage Center's nursing notes, an "Event Note" dated August 15, 2017 actually documented two ulcers on Mrs. York's the left and right buttocks, classified as Stage II deep tissue injury. The "Event Note" also documented that the staff was not turning Mrs. York. The "Event Note" was consistent with Mrs. York's August 16, 2017 Braden scale of 10 which put her into the "high risk" category.

9. Orders from Heritage Center for the treatment of Mrs. York's ulcers did not come until August 21, 2017.

10. On August 22, 2017, Heritage Center sent Mrs. York to St. Mary's for surgical insertion of a feeding tube. During her stay at St. Mary's, a skin assessment was performed that showed dead tissue around her sacral area.

11. Upon Mrs. York's return to Heritage Center on August 23, 2017, the ulcer was reassessed showing it had increased and was 100% dead tissue. The physician at Heritage Center ordered an appointment with the wound care center.

12. On August 23, 2017, Heritage Center again sent Mrs. York to St. Mary's for evaluation which revealed a large bed sore of the sacrum. Two days later a surgical consult for the pressure ulcer was completed and documented that Mrs. York had a 12 cm dead tissue ulcer penetrating to the bone with milky drainage.

13. On August 27, 2017, Mrs. York had surgery at St. Mary's to cut away and remove the infected tissue. Cultures were obtained that revealed the growth of E. coli, VSE and MRSA. Mrs. York was started on a woundVAC to help accelerate healing; a specialty bed was ordered; she was to be turned every two hours between September 5 and September 10; and she was transferred to Cornerstone Hospital to continue to receive the IV antibiotics.

14. On October 16, 2017, Mrs. York was transferred to from Cornerstone to Heartland of Riverview after completion of antibiotics and continued treatment of the ulcer with the woundVAC. However, Mrs. York's condition worsened and she was sent back to St. Mary's on October 31, 2017 where she was admitted to the ICU, remained on a ventilator and was not able to be weaned.

15. On November 15, 2017, Mrs. York had a sudden onset of hypoxia and respiratory distress which lead to cardiac arrest. The family made the decision for comfort care and removed the mechanical ventilation. Mrs. York passed away on November 17, 2017.

16. Plaintiff fully complied with the pre-suit notification requirements found at W.Va.Code § 55-7B-6 and the Defendants did not elect mediation or respond. A copy of said certificate is attached as Exhibit "A" and made part of this Amended Complaint as if fully set forth herein.

17. Certain claims asserted by the Plaintiff may fall within the Medical Professional Liability Act's cap on non-economic damages and Plaintiff reserves the right to challenge the constitutionality of the same.

## COUNT I

18. Plaintiffs reassert paragraphs numbered 1-17 of this Complaint as if fully stated verbatim herein.

19. At all times relevant to this civil action, Defendants, Heritage Center, its agents, servants and employees, and others including John Does "1" through "5", had duties:

    (a) to use reasonable care in providing medical care to their patients;

    (b) to select and retain only competent agents and employees;

    (c) to oversee all persons who provide medical care within the walls of their facility as to patient care;

    (d) to formulate, adopt and enforce adequate rules, policies and procedures to ensure quality care for their patients; and

    (e) to provide a safe environment for patients.

20. Moreover, Defendants, Heritage Center, its agents, servants and employee, and others including John Does "1" through "5", breached their duties to Elizabeth Rose York by failing to formulate, adopt, enforce and apply adequate rules, policies and procedures to ensure Mrs. York's safety and care during the course of her treatment and care.

21. As a direct and proximate result of the negligence and deviation of the standard of care by Defendants, Heritage Center, its agents, servants and employees, and others including John Does "1" through "5", Elizabeth Rose York suffered extreme pain, suffering and mental anguish prior to her death and various other damages set forth in West Virginia law Plaintiff is

entitled to recover as set forth in the West Virginia Wrongful Death Statute on behalf of the Estate of Elizabeth Rose York.

22. As a direct and proximate result of the negligence and deviation of the standard of care by Defendants, Heritage Center, its agents, servants and employees, and others including John Does "1" through "5", the Estate of Elizabeth Rose York has sustained injuries and has suffered damages, including but not limited to, sorrow, mental anguish and solace, loss of income of the decedent, loss of income of the decedent from future earning capacity, loss of services, protection, care and assistance provided by the decedent, loss of consortium, medical bills and expenses, expenses for funeral bills and services, and various other damages that the Plaintiff is entitled to recover as set forth in the West Virginia Wrongful Death Statute on behalf of the Estate of Elizabeth Rose York.

WHEREFORE, Plaintiff, as the duly appointed Administrator of the Elizabeth Rose York, demands judgment against the Defendants in an amount that will reasonably compensate the Estate of Elizabeth Rose York for its injuries, damages, expenses, attorney fees, court costs, plus prejudgment interest and interest on any verdict rendered herein.

A trial by jury is demanded.

## COUNT II

23. Plaintiff reasserts paragraphs numbered 1-22 of this Complaint as if fully stated verbatim herein.

24. This medical professional liability action arises out of the medical care and treatment Elizabeth Rose York received from Defendants, Heritage Center, its agents, servants and employees, and others including John Does "1" through "5", before and after June 5, 2014.

25. Plaintiffs fully complied with pre-suit notification requirements found at W. Va. Code § 55-7B-6.

26. At all times relevant to this civil action, Defendants, Heritage Center, its agents, servants and employees, and others including John Doe "1" through "5", were negligent in the care and treatment of Elizabeth Rose York.

27. Defendants, Heritage Center, acting by and through its agents, servants or employees, and others including John Doe "1" through "5", deviated from the standard of care by failing to exercise that degree of care, skill and learning required or expected of reasonable, prudent health care providers in the profession or class to which the health care provider belongs acting in the same or similar circumstances during the care and treatment of Elizabeth Rose York.

28. Defendants, Heritage Center, its agents, servants and employees, and others including John Does "1" through "5", negligently rendered health care services to Elizabeth Rose York.

29. Such negligence was a breach of the standard of care and was a contributing proximate cause of Elizabeth Rose York's death.

30. As a proximate result of the Defendants, Heritage Center, its agents, servants or employees, and others including John Does "1" through "5", negligence and deviation of the standard of care, Elizabeth Rose York sustained extreme pain, suffering and mental anguish prior to her death and various other damages set forth in West Virginia law Plaintiff is entitled to recover as set forth in the West Virginia Wrongful Death Statute on behalf of the Estate of Elizabeth Rose York.

31. As a direct and proximate result of the negligence and deviation of the standard of care by Defendants, Heritage Center, its agents, servants and employees, and others including John Does "1" through "5", the Estate of Elizabeth Rose York has sustained injuries and has suffered damages, including but not limited to, sorrow, mental anguish and solace, loss of income of the decedent, loss of income of the decedent from future earning capacity, loss of services, protection, care and assistance provided by the decedent, loss of consortium, medical bills and expenses, expenses for funeral bills and services, and various other damages that the Plaintiff is entitled to recover as set forth in the West Virginia Wrongful Death Statute on behalf of the Estate of Elizabeth Rose York.

WHEREFORE, Plaintiff, as the duly appointed Administrator of the Estate of Elizabeth Rose York, demands judgment against the Defendants in an amount that will reasonably compensate the Estate of Elizabeth Rose York for its injuries, damages, expenses, attorney fees, court costs, plus prejudgment interest and interest on any verdict rendered herein.

A trial by jury is demanded.

## COUNT III

32. Plaintiff reasserts paragraphs numbered 1-31 of this Complaint as if fully stated verbatim herein.

33. At all times relevant to the Complaint, the Defendants, Heritage Center, its agents, servants or employees, and others including John Does "1" through "5", acted maliciously, wantonly, mischievously or with criminal difference to civil obligations, providing medical treatment or care to Elizabeth Rose York which caused her death.

34. As a direct and proximate result of the Defendants, Heritage Center, its agents, servants or employees, and others including John Does "1" through "5", acting maliciously,

wantonly, mischievously or with criminal indifference to civil obligations, Elizabeth Rose York suffered extreme pain, suffering and mental anguish prior to her death and various other damages set forth in West Virginia law Plaintiff is entitled to recover as set forth in the West Virginia Wrongful Death Statute on behalf of the Estate of Elizabeth Rose York.

35. As a direct and proximate result of the Defendants, Heritage Center, its agents, servants or employees, and others including John Does "1" through "5", acting maliciously, wantonly, mischievously or with criminal indifference to civil obligations, the Estate of Elizabeth Rose York has sustained injuries and has suffered damages, including but not limited to, sorrow, mental anguish and solace, loss of income of the decedent, loss of income of the decedent from future earning capacity, loss of services, protection, care and assistance provided by the decedent, loss of consortium, medical bills and expenses, expenses for funeral bills and services, and various other damages that the Plaintiff is entitled to recover as set forth in the West Virginia Wrongful Death Statute on behalf of the Estate of Elizabeth Rose York.

WHEREFORE, Plaintiff, as the duly appointed Administrator of the Estate of Elizabeth Rose York, demands judgment against the Defendants in an amount that will reasonably compensate the Estate of Elizabeth Rose York for its injuries, damages, punitive damages, expenses, attorney fees, court costs, plus prejudgment interest and interest on any verdict rendered herein.

A trial by jury is demanded.

/s/ **Bert Ketchum**
Bert Ketchum (WVSB #6618)
Larry A. Bailey (WVSB #211)
GREENE, KETCHUM,
FARRELL, BAILEY & TWEEL
P.O. Box 2389

Huntington, WV 25724-2389
(304) 525-9115